IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MOUSTAPHA BAYO, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | CASE No: 5:12-CV-408-MTT-MSH |
| | : | 28 U.S.C. § 2241 |
| UNITED STATES DEPARTMENT OF | : | |
| JUSTICE and DEPARTMENT OF | : | |
| HOMELAND SECURITY, | : | |
| | : | |
| Respondents. | : | |

**ORDER AND**
**REPORT AND RECOMMENDATION**

On January 28, 2012, Petitioner filed a hand written document that has been construed as an application for habeas relief pursuant to 28 U.S.C. § 2241.  (ECF No. 1.) Petitioner is not challenging his current state sentence resulting in incarceration at Macon State Prison, but is instead claiming that his constitutional rights have been violated based on the filing of a detainer by the Department of Homeland Security ("DHS").  (Pet. for Writ of Habeas Corpus 1-2, ECF No. 1.)   He states that he was notified by DHS that they have filed a detainer, but despite moving for a final disposition and "speedy trial" no further action has occurred.  (*Id.* at 1.)

Petitioner also filed an application to proceed *in forma pauperis* in this action. (ECF Nos. 3, 9.)   Because it is apparent from Petitioner's submissions that he satisfies the requirements of 28 U.S.C. § 1915, his motion to proceed *in forma pauperis* is granted. Having made that determination, the Court next looks to the face of the application to

decide whether the Respondent should be ordered to file an answer in this case. *See* 28 U.S.C. § 2243 (explaining that a court should award the writ or order the respondent to file a responsive pleading "unless it appears from the application that the applicant or person detained is not entitled thereto".)

## DISCUSSION

Section 2241 provides that a "writ of habeas corpus shall not extend to a prisoner *unless* . . . [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof[.]" 28 U.S.C. § 2241(c)(1) (emphasis added). "Absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ." *Gonzales-Corrales v. Immigration & Customs Enforcement*, 522 F. App'x 619, 623 (11th Cir. 2013) (quotation marks and citation omitted). The Eleventh Circuit has previously explained that the mere filing of a detainer does not cause a prisoner to come into the custody of the DHS. *Orozco v. U.S. Immigration & Naturalization Serv.*, 911 F.2d 539, 541 (11th Cir. 1990); *see also Louis v. Sec'y, Fla. Dep't of Corr.*, 524 F. App'x 583, 584 (11th Cir. 2013) ("An ICE detainer, standing alone, is generally insufficient to establish ICE custody."); *Gonzales-Corrales*, 522 F. App'x at 623 (same).

Petitioner does not allege that he is in DHS custody. Instead, he states that he is "an inmate of the State of Georgia house[d] out at the Macon State Prison." (Pet. for Writ of Habeas Corpus 1.) He brought his application for habeas relief seeking to address perceived constitutional wrongs in the filing of a DHS detainer against him. However, as explained above, the filing of a detainer, without more, does not cause a prisoner to be in

DHS custody.  Because Petitioner is not in DHS custody, this Court lacks jurisdiction to consider his application for habeas relief and it should be dismissed without prejudice.

## CONCLUSION

For the reasons explained above, Petitioner's motion to proceed *in forma pauperis* (ECF No. 3) is granted.  It is recommended that Petitioner's application for habeas relief (ECF No. 1) be dismissed without prejudice.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO ORDERED and RECOMMENDED this 9th day of October, 2014.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE